## No. 7641.

STATE OF LOUISIANA VS. LOUISIANA SAVINGS BANK AND SAFE DEPOSIT COMPANY.

The law which exempts Defendant's capital from taxation, is unconstitutional. 31 An. 826, affirmed.

The Board of Assessors, under Act No. 12 of 1875, had the power to make assessments for previous years.

In the absence of proof to the contrary, the Assessors must be presumed to have performed their duty.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

J. C. Egan, Attorney General, for the State, Plaintiff and Appellee.

Thos. J. Semmes and Chas. S. Rice for Defendant and Appellant.

First—A valid assessment is the basis of taxation.

Second—Act No. 12 of 1875 conferred no authority on the Board of Assessors to make assessments for years prior to the passage of that act.

Third—The assessment of the property of defendant, being upon a different basis from that of any other property *in the State*, of the same class, is not a lawful assessment.

Fourth—The defendant ought not to pay tax on its entire capital, and on real estate which was paid for out of its capital. Double taxation is not permissible.

The opinion of the Court was delivered by

FENNER, J. The State sues to recover of defendant taxes on its capital stock for the years 1871, 1872, 1873, 1874, 1875 and 1876.

The defenses urged by defendant are:

First. That the company, by its charter, is exempt from taxation, except on its real estate.

The nullity of this exemption has been declared by this Court in many cases.

City of N. O. vs. La. Savings Bank and Safe Deposit Co., 31 A. 826, and authorities there cited.

Second. That the assessments on which the taxes claimed are based is illegal and unwarranted by law.

The special ground on which this objection is rested, is that the assessment was made by the Board of Assessors, constituted under Act No. 12 of 1875, and that said act conferred upon them no power to make assessments for previous years. The first section of the act expressly conferred upon the Board therein constituted "the powers, duties and responsibilities heretofore prescribed by law." Amongst these were the power and duty prescribed by section 3262 of the Revised Statutes, re-enacted in section 28 of Revenue Act of 1871, providing that "if property shall be omitted in the assessment of one or more years, when discovered it shall be assessed for the years during which it was omitted, without interest, and also for the current year, by the person authorized to make the assessment." We are not advised of any repeal of this law. Similar enactments exist in most of the States, and the settled doctrine seems to be that "the legislative authority given to tax the property for the omitted years is not exhausted by the failure of the party or the assessor to place it on the roll, and such assessments are valid."

Burroughs on Taxation, § 93.

Blackwell on Tax Titles, p. 164.

Cases might arise in which particular circumstances might prevent or limit the enforcement of such assessments, but no such circum-

stances are suggested by either the evidence or the argument in this case.

Third. That, "if otherwise lawful, the assessment violates art. 118 of the Constitution of 1868, not being equal and uniform, it appearing that no other corporation of the kind in the city of New Orleans is assessed for the full nominal amount of its capital."

In support of this, evidence is offered to show that, while the capital stock of defendant is valued at the exact amount of its nominal capital, as fixed in its charter, the stock of sundry other corporations, situated in like case, is valued at a less amount than their nominal capital.

In the absence of proof to the contrary, the assessors must be presumed to have performed their duty. 31 A. 828. It was their duty to assess the capital or capital stock of these corporations at its *value*, and not at its mere nominal amount. Rev. Act of 1871, sec. 35. Their assessment of the capital stock of defendant at its nominal amount must be treated as a valuation of the stock at *par*, and the assessment of the stock of other corporations at less than *par* must be treated as a like *valuation* by the assessors, according to their judgment. There is nothing in the evidence to show that the assessors arbitrarily put down the capital of defendant at its nominal amount without valuation, or that they applied a different rule of valuation to it from what was applied to the capital of other corporations. There is not even any evidence to show that the assessment was not correct in the case of either the defendant or of the other corporations. It follows, therefore, that even if the objection taken by defendant could be otherwise sustained (as to which it is not necessary for us to express an opinion here), it has no sufficient foundation of fact to rest on.

Fourth. That the real estate of defendant was paid for out of its capital, and, being separately taxed, the assessment of its capital for its full amount is, to that extent, double taxation.

This objection is answered by the fact that it is not shown in the evidence that the real estate was not deducted by the assessors, as it was their duty to do, in arriving at their valuation of defendant's capital for taxation as such. To assume that they did not do so, would be to assume, without proof, that they did not perform their duty. If defendant is entitled to any relief against the taxes claimed, it has entirely failed to support it by proper proofs. Particularly should it be held to full proof in a case, like the present, where it has neglected all of its own duties under the law, and invokes a relaxation of the general rule which shuts out objections to assessments after the expiration of certain delays allowed by law.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's cost.